**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Miguel N. BORRAYO,**
**Defendant–Appellant.**

No. 88–5354.

United States Court of Appeals,
Ninth Circuit.

Argued Aug. 11, 1989.

Decided Sept. 27, 1989.

As Amended Feb. 7, 1990.

Marilyn Butler, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

John Gibbons, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, FARRIS and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Miguel Borrayo appeals his sentence, imposed under the federal Sentencing Guidelines, of 24 months imprisonment and three years supervised release for attempted unarmed bank robbery. Borrayo contends that the sentencing court should have departed from the guidelines for several reasons. We affirm the sentence.

## BACKGROUND AND PROCEEDINGS BELOW

On April 12, 1988, Borrayo attempted to rob a teller at a First Interstate Bank branch located in Los Angeles, California. He was arrested, and subsequently pled guilty to attempted unarmed bank robbery. The Probation Office prepared a presentence report, and concluded that the guidelines range for imprisonment was 24–30 months, and the range for supervised release was 3–5 years.[1] The report did not

---

1. These figures were calculated as follows: the base offense level for robbery is 18 and one point is added where the victim is a financial institution. *See* United States Sentencing Commission, *Guidelines Manual,* § 2B3.1. Where a defendant is given credit for "Acceptance of Responsibility," as Borrayo was in connection with his guilty plea, the offense level is reduced

recommend any departure from the guidelines.

In papers filed with the court, and at the sentencing hearing, defense counsel urged departure from the guidelines for several reasons. The court followed the guidelines, but sentenced Borrayo to the minimum of both the imprisonment and supervised release guidelines: 24 months imprisonment followed by three years of supervised release.[2] Borrayo now appeals.

■ When reviewing departures from the sentencing guidelines, we must first determine whether a departure is permissible, and then determine whether the sentence imposed is unreasonable. *See* 18 U.S.C. § 3742(d)(3); *United States v. Michel*, 876 F.2d 784, 786 (9th Cir.1989). This circuit has not yet determined which standard of review applies to appeals of a district court's determination to depart, or not to depart, from the guidelines. *See United States v. Ryan*, 866 F.2d 604, 610 (3d Cir. 1989) (applying plenary review). *See also United States v. Stone*, 813 F.2d 1536, 1538 (9th Cir.1987) (de novo standard of review applies to interpretations of legal standards). We need not resolve that question here, however, because we conclude that the district court's determination was correct whether we review it de novo or

under some more deferential standard. Our analysis of whether the sentence imposed is unreasonable is guided by the purposes of sentencing, and the reasons the sentencing court gave if it departed from the guidelines, as required by 18 U.S.C. § 3553(c). 18 U.S.C. § 3742(d)(3); *see United States v. Nuno–Para*, 877 F.2d 1409, 1414 n 3 (9th Cir.1989).

## DISCUSSION

The sentencing guidelines are a comprehensive set of rules that are designed to limit the sentencing court's discretion. *Nuno–Para*, at 1412; *see* United States Sentencing Commission, *Guidelines Manual*, Ch. 1, Part A, Introduction 3 [hereinafter *Guidelines*]. The authority of the sentencing court to depart from the guidelines stems from 18 U.S.C. § 3553(b).[3] Borrayo argues that 18 U.S.C. § 3553(a) is sufficient authority to depart from the guidelines where a sentence within the guideline range is not necessary to effectuate the purposes of sentencing set forth in that section.[4] Section 3553(a) might seem to provide a wide range of discretion for the sentencing judge, but that discretion is explicitly limited by § 3553(b). *Nuno–Para*, 1412–13.

> The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

by two levels, to 17. *Id.* at § 3E1.1. Borrayo had no prior convictions, so his Criminal History Category was I. *Id.* at § 4A1.1. The guideline range for imprisonment given an offense level of 17 and a Criminal History Category of I is 24–30 months. *Id.* at ch. 5, part A (Sentencing Table). The guideline range for supervised release is 3–5 years for any class B felony such as unarmed bank robbery. *Id.* at § 5D3.2(b)(1); 18 U.S.C. § 3559(a)(1)(B).

2. Because at the time of Borrayo's sentencing this court had held the Sentencing Guidelines unconstitutional, *see Gubiensio–Ortiz v. Kanahele*, 857 F.2d 1245, 1268 (9th Cir.1988), *disapproved, United States v. Mistretta*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989); *vacated, United States v. Chavez–Sanchez,* — U.S. —, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989); the district court sentenced Borrayo alternatively. Under sentencing law applicable prior to the guidelines, the district court sentenced Borrayo to three years in the custody of the Attorney General.

3. 18 U.S.C. § 3553(b) provides (in part):

4. 18 U.S.C. § 3553(a) provides, in part, that "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Paragraph (2) lists several purposes: the need for the sentence imposed A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; B) to afford adequate deterrence to criminal conduct; C) to protect the public from further crimes of the defendant, and D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The sentencing court may depart from the guidelines in three situations: 1) where the offense committed falls between two different forms of enhancement; 2) where the guidelines provide specific guidance for departure by analogy or by other suggestion; and 3) where sentencing factors have not been adequately considered by the commission. *Guidelines*, Ch. 1, Part A, Introduction 4(b); *Nuno–Para*, at 1413. In cases where the district court concludes that the Commission has not adequately considered a sentencing factor, it must state specific reasons for imposing a sentence different from that prescribed in the guidelines. 18 U.S.C. § 3553(c). *United States v. Wells*, 878 F.2d 1232, 1232–33 (9th Cir.1989). The sentencing court's decision that a ground for departure was not adequately considered by the Commission must be based on the guidelines themselves, or policy statements in the Commission's commentary. 18 U.S.C. § 3553(b); *Nuno–Para*, at 1413–14. This requirement is fatal to two of Borrayo's departure arguments.

Borrayo argues that his first offender status is not adequately taken into consideration by the Sentencing Commission. We have recently held that departures based on an offender's criminal history are inappropriate because criminal history is already accounted for in the guidelines. *Nuno–Para*, at 1413. The Commission commentary states that "the lower limit of the range for a Category I criminal history is set for a first offender with the lowest risk of recidivism." *Guidelines*, § 4A1.3. A departure below the guideline range of Category I on the basis of the absence of criminal history is not appropriate. *Id.*

Borrayo also argues that a departure based on his partially diminished capacity, due to depression and alcohol abuse, was appropriate. The guidelines and policy statements, however, do not support such a departure in this case. We do not agree

that Section 5K2.13 of the guidelines applies to Borrayo's situation, for several reasons. Section 5K2.13 states:

If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

Because "non-violent offense" is not defined in the guidelines, we defer to the definition of "crime of violence" in the federal criminal statutes, which is used elsewhere in the guidelines. *See Guidelines*, § 4B1.2. We find no basis for a conclusion that the Commission intended any other meaning. A crime of violence is defined as an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another. 18 U.S.C. § 16(a). Borrayo's acts are included in this definition because he threatened physical force.[5] *See also Guidelines*, § 4B1.2 commentary (robbery is a crime of violence). As a result, § 5K2.13 is not available to Borrayo to support a departure.

The district court expressed doubt that Borrayo's claimed "partially" diminished capacity rose to the level anticipated by Section 5K2.13, which requires a "significantly reduced mental capacity." The court's ruling can be sustained on that ground alone. In addition, Borrayo's "partial" diminished capacity was apparently caused, in part, by his alcohol abuse. Section 5K2.13 excludes reduced mental capacity resulting from voluntary use of drugs or other intoxicants.

Even if we had concluded that Borrayo was not convicted of a violent offense, two other policy statements oppose his arguments for a departure for diminished ca-

---

**5.** During the attempted bank robbery, Borrayo gave a teller a handwritten demand note stating that he was a suicide member of the "PLA" working with an accomplice. The note stated that he and his accomplice would blow up a car full of explosives parked in the garage under the bank if he did not receive $100,000 in fifteen minutes.

pacity. Section 5H1.3 provides that "mental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the guidelines." Similarly, the guidelines state that "alcohol abuse is not a reason for imposing a sentence below the guidelines." *Guidelines*, § 5H1.4.

■ Borrayo's final contention is that the sentencing court had the authority to depart from the guidelines for supervised release, and should have considered any number of factors for a departure, including criminal history. He is correct that the district court could have departed from the guidelines for supervised release. *See Guidelines*, § 5D3.1 commentary. We do not read the district court's comments as suggesting a lack of power to depart, however. We do read them to mean that departure was inappropriate. There is no indication that the district court's refusal to depart from the guidelines, and its imposition of three years supervised release, was unreasonable. The court sentenced Borrayo to the minimum of the guideline for a Class B felony such as attempted unarmed robbery. *See* 18 U.S.C. §§ 2113(a); 3559(a)(1)(B); *Guidelines*, § 5D3.2(b)(1). In addition, the court placed conditions on Borrayo's release for testing and treatment for alcohol abuse and psychological problems, evidencing its concern that he receive treatment for problems that may have had some impact on his criminal behavior. *See Guidelines*, § 5H1.4. The sentencing court was not unreasonable in sentencing Borrayo to three years of supervised release.

AFFIRMED.