**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Wilson Lewis DAVIS,
Defendant–Appellant.**

**No. 89–5755.**

United States Court of Appeals,
Fourth Circuit.

Argued May 11, 1990.

Decided Oct. 3, 1990.

Charles Linwood Morgan, Jr. (argued), Wishart, Norris, Henninger & Pittman, Charlotte, N.C., for defendant-appellant.

Joseph Douglas Wilson (argued), U.S. Dept. of Justice, Washington, D.C. (Thomas J. Ashcraft, U.S. Atty., David Alan Graham, Asst. U.S. Atty., Charlotte, N.C., on the brief), for plaintiff-appellee.

Before WILKINSON and WILKINS, Circuit Judges, and BULLOCK, United States District Judge for the Middle District of North Carolina, sitting by designation.

PER CURIAM:

Wilson Davis pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and to one count of theft of bank funds in violation of 18 U.S.C. § 2113(b). Davis was sentenced pursuant to the Sentencing Guidelines to 240 months in jail. Davis argues on appeal that the district court erred at sentencing by classifying him as a career offender and by not departing downward since he was unarmed during the commission of the robbery. We affirm.

Because the offense of unarmed robbery was treated as a crime of violence with a statutory maximum of twenty years, Davis's base offense level was 32. Davis had previously been convicted of two felony crimes of violence, and this latest conviction made him a career offender with a criminal history category of VI. The Sen-

tencing Guidelines range is 210–262 months. Had the robbery not been considered a crime of violence, Davis's base offense level would have been 17 and his criminal history category would have been III. The Sentencing Guidelines range would be 30–37 months.

 Davis argues that it was error to classify him as a career offender under the Guidelines because unarmed robbery is not a crime of violence. There is no merit to Davis's position. The Guidelines provide that:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. Whether Davis's latest felony conviction was a crime of violence is the only career offender element which he contests. The Guidelines define "crime of violence" as any offense punishable by imprisonment for a term exceeding one year which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." U.S.S.G. § 4B1.2, comment. (n. 1). In the instant case, Davis handed the bank teller a note which stated, "Give me $500 or I will shoot you." This note clearly threatened physical force against the bank teller and qualifies Davis's felony as a crime of violence. Also, application note 1 to Guidelines section 4B1.2 makes clear that robbery is a crime of violence regardless of the presence of a weapon. Furthermore, Davis was convicted pursuant to the unarmed bank robbery statute which, by its terms, cannot be violated unless property is taken "by force and violence" or "by intimidation." 18 U.S.C. § 2113(a). Finally, the other circuits which have considered the issue have determined that when threats are made unarmed robbery is a crime of violence. *See United States v. Borrayo,* 898 F.2d 91, 94 & n. 5 (9th Cir.1989); *Unit-*

*ed States v. Maddalena,* 893 F.2d 815, 819–20 (6th Cir.1989).

 Davis also argues that the district court at least should have departed downward because he was unarmed during the commission of the robbery. There is no merit to this argument because a refusal to depart downward from the applicable Sentencing Guidelines range is not appealable. *See United States v. Bayerle,* 898 F.2d 28, 30–31 (4th Cir.1990). The district court sentenced Davis to 240 months in jail because he was a career offender with three convictions for felony crimes of violence. He also had a drug history. Davis's sentence was appropriate under the Guidelines.

AFFIRMED.