944 F.2d 903
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Ernest WILLIAMS, Defendant-Appellant.
 No. 91-5011.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 13, 1991.
Decided Sept. 25, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (CR-90-9-G)
 William C. Ingram, Jr., Floyd, Allen & Jacobs, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, John W. Stone, Jr., Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Ernest Williams was convicted on his guilty plea of one count of bank robbery, 18 U.S.C. § 2113(a), and was sentenced to 170 months imprisonment. He appealed, and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Finding no error, we affirm.
 
 
 2
 Williams' attorney raised two possible issues in his brief on appeal. First, he addressed the possibility that Williams was not competent at the time of the crime. However, Williams was evaluated at the Springfield Medical Center prior to trial, and Dr. Dorsey Dysart, one of the examining psychiatrists, found that Williams was competent at the time of the crime. There is no evidence to contradict this finding. Therefore, this argument lacks merit.
 
 
 3
 Williams' attorney also suggested that the district court may have erred in refusing to depart downward from the guidelines range because Williams' classification as a career offender may have overstated his criminal history.* As Williams' attorney noted, a refusal to depart downward is not appealable. United States v. Davis, 915 F.2d 132 (4th Cir.1990). Williams' attorney raised no other issues, and Williams did not file a supplemental brief, though the Court informed him of his right to do so.
 
 
 4
 In accordance with Anders, supra, we have examined the entire record in this case and find no other meritorious issues for appeal.
 
 
 5
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. Therefore, we deny counsel's motion to withdraw.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 To the extent that this argument is construed as attacking the finding that Williams was a career offender under U.S.S.G. § 4B1.2, we find that Williams' prior convictions for possession of Secobarbital with intent to distribute and common law robbery were correctly counted as crimes of violence or drug crimes for career offender purposes