7 F.3d 226
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julian Elmo BAILEY, a/k/a Lollipop, Defendant-Appellant.
 No. 92-5592.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 13, 1993.
Decided: September 16, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge. (CR-91-31-C)
 Richard Andrew Davis, Charlottesville, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Stephen U. Baer, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Julian Elmo Bailey pled guilty to violations of 21 U.S.C. § 841(a)(1) (1988) and 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 1993), possession with intent to distribute and distribution of "crack" cocaine. He appeals, challenging his sentence and his conviction. After review of the record, the parties' briefs and the joint appendix, we affirm both the sentence and the conviction. A federal grand jury indicted Bailey on one count of knowing, intentional and unlawful distribution or possession with the intent to distribute, within 1000 feet of real property comprising a park or playground, less than five grams of cocaine or "crack", a Schedule II narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C.A. § 841(b)(1)(C), and 21 U.S.C.A. § 860(a) (West Supp. 1993).* Bailey had been confronted by a Charlottesville detective at the scene after the police had received information from a confidential informant. Bailey admitted to selling crack from a supply of the substance which was found on his person.
 
 
 2
 Bailey was held in state custody from August 23, 1991 until January 9, 1992, following return of the indictment by the federal grand jury. On February 21, 1992, Bailey pled guilty pursuant to a plea agreement. The district judge imposed sentence in accordance with the guidelines promulgated by the United States Sentencing Commission. Specifically, Bailey was sentenced to 168 months imprisonment, three years of supervised release, and was assessed the mandatory $50 fee. The district judge also imposed upon Bailey a fine of $1,000, which was below the $15,000 to $1,000,000 mandated by the guidelines. This departure was based on Bailey's inability to pay.
 
 
 3
 Bailey does not contest the calculation of the offense level and the criminal history category. He also admits that the sentence he received was within the applicable guidelines range. Bailey's first two contentions regarding sentencing are (1) that the career offender status exaggerated his criminal history and that the judge did not realize that he had the authority to depart downward from the guidelines; and (2) that a downward departure was appropriate because the amount of crack cocaine in Bailey's possession was minimal. These contentions are without merit. The arguments are overcome by the transcript of the sentencing hearing where the district judge, after mentioning the Bailey's career offender status and the small amount of cocaine at issue, stated "[t]his court finds no facts in the information before it that would justify a downward departure from the guidelines, therefore, it will not do so." This statement clearly reflects that the court knew it could depart downward from the guidelines sentence. Such a determination is within the discretion of the district court. Moreover, the refusal of the district judge to depart downward is not appealable. United States v. Davis, 915 F.2d 132, 133 (4th Cir. 1990).
 
 
 4
 Bailey's third argument is that he should receive credit for the time he spent in state incarceration while being prosecuted for the same offense on state charges. The computation of the amount of credit under 18 U.S.C.S. § 3585(b) (Law. Co-op. 1990) is properly performed by the Attorney General after the defendant begins his sentence, not by the district court. United States v. Wilson, 60 U.S.L.W. 4244, 1992 U.S. LEXIS 1946, at 5 (U.S. 1992). Only after prisoners have exhausted the administrative remedies available to them through the Bureau of Prisons can they seek judicial review. See 28 C.F.R. §§ 542.10-542.16 (1990); United States v. Bayless, 940 F.2d 300, 304-305 (8th Cir. 1991). Accordingly, the district judge did not err when he left the determination of the credit due Bailey for time served in the state penitentiary system to the Bureau of Prisons.
 
 
 5
 Bailey alleges no specific error in connection with his conviction, instead saying only that the proceedings were "unfair" and relying on Anders v. California, 386 U.S. 738 (1967). In accordance with Anders, this Court has thoroughly reviewed the record, including the plea agreement and the transcripts of Bailey's Rule 11 hearing, for any potentially meritorious issues for appeal that relate to Bailey's conviction, and has found none. Bailey's plea was taken in accordance with Fed. R. Crim. P. 11, and no irregularities in the proceeding are apparent.
 
 
 6
 We therefore affirm the judgment of the district court and uphold Bailey's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The Government subsequently moved to dismiss the portion of the indictment relative to § 860(a), which provides that the crime was committed within 1000 feet of real property; the motion was granted by the district court