8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth MARSHALL, Defendant-Appellant.
 No. 92-10184.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 30, 1993.*
Decided Sept. 20, 1993.
 
 Before: SNEED, D.W. NELSON and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Marshall ("Marshall") was convicted by a jury of seven counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). He appeals his conviction on two grounds: (1) that the district court erred in excluding expert psychological testimony concerning the voluntariness of his confession; and (2) that the district court erred in failing to depart downward from the Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.
 
 1. Exclusion of Expert Testimony
 
 3
 We review a district court's decision to admit or exclude expert testimony for abuse of discretion. United States v. Rahm, 993 F.2d 1405 (9th Cir.1993). There is "wide latitude" in excluding expert testimony, even when such testimony concerns a defendant's mental condition. United States v. Sinigaglio, 942 F.2d 581, 584 (9th Cir.1991).
 
 
 4
 There was no abuse of discretion here. The expert testimony in question would not have materially assisted the jury but, instead, would have confused them.
 
 
 5
 Expert evidence may be excluded if it poses "an undue risk of harassment, prejudice, [or] confusion of the issues." Crane v. Kentucky, 476 U.S. 683, 690-91 (1985), (emphasis added, citations omitted). Fed.R.Evid. 702 sets the standard for the admissibility of expert testimony: it must "assist the trier of fact to understand the evidence or to determine a fact in issue." Far from assisting the trier of fact, admission of this testimony may have resulted in confusion because, as the district court noted, there was the distinct danger that the testimony would have erroneously injected "some inferred diminished capacity defense into the case." There is nothing in the record which suggests that the district court abused its discretion in making the determination that the proposed testimony would have been of no assistance to the trier of fact in understanding the evidence. The testimony was properly excluded.
 
 
 6
 Marshall relies on Crane to argue that expert psychological testimony concerning the voluntariness of his confession should not have been excluded. In Crane, however, "[p]etitioner's entire defense was that there was no physical evidence to link him to the crime and that, for a variety of reasons, his earlier admission of guilt was not to be believed." Id. at 691. Evidence of the circumstances that yielded the confession could have materially assisted the jury in evaluating the defendant's claim of innocence: that evidence bore on the credibility of the confession, and that evidence was central to the defendant's claim of innocence. In this case, the evidence that bears on the voluntariness of the confession is not central to the defendant's claim of innocence. Further, while the Crane Court thought the evidence would materially assist the jury in reaching its verdict, the district court here thought such evidence would only confuse the jury.
 
 2. Refusal to Depart Downward
 
 7
 Marshall also claims that his diminished mental capacity was aggravated by the failure of government officials to provide adequate care for his recognized condition during his more than nine years of prior incarceration and eight months of parole. Marshall argues that this lack of care and treatment constituted a mitigating circumstance warranting a downward departure, and that the district court erred when it found that it did not have the authority to consider a departure.
 
 
 8
 A district court's determination that it lacks discretion to depart from the Guidelines is reviewed de novo. United States v. Brown, 985 F.2d 478 (9th Cir.1993). A district court's factual findings during sentencing are reviewed for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 9
 The district court here determined that it lacked authority to depart downward based on Marshall's alleged diminished capacity. We agree. Judge Smith noted correctly that she was "bound" by United States v. Borrayo, 898 F.2d 91, 94 (9th Cir.1989), in which this Court held that a diminished capacity departure was not available in cases involving violent offenses. SER at 229-30. This case, like Borrayo, involves unarmed bank robbery. In light of Marshall's threats to the bank tellers, Judge Smith did not err in finding that Marshall's robberies were crimes of violence, and that there was no authority to depart.
 
 
 10
 Marshall points to United States v. Floyd, 945 F.2d 1096 (9th Cir.1991) and asserts the existence of a mitigating factor because his mental condition was aggravated by the government's failure to provide adequate care and treatment when he was in custody.[1] Judge Smith considered the claim regarding aggravation in the context of the diminished capacity argument and, contrary to Marshall's assertions, never found that the government failed to provide adequate treatment. In any event, there is nothing in the record to support a claim that Marshall did not receive proper care while in custody. In fact, the record establishes that he actually received substantial attention and treatment for his mental and emotional problems.
 
 
 11
 The district court did not err in denying Marshall's motion for downward departure. AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Floyd, this Court upheld a district court finding that the Sentencing Commission had failed to adequately take into consideration the effect that lack of youthful guidance had on a defendant's criminality. Floyd, 945 F.2d at 1099, 1102