**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Carl Eugene COOK, Defendant–Appellant.**

**No. 93–50320.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 1995.

Decided April 28, 1995.

Sonia E. Chahin, La Canada, CA, for defendant-appellant.

Richard E. Drooyan, David C. Marcus, Asst. U.S. Attys., Los Angeles, CA, for plaintiff-appellee.

Before CANBY, and NOONAN, Jr., Circuit Judges, and KING,* District Judge.

NOONAN, Circuit Judge:

Carl Eugene Cook appeals his convictions of, and sentence for, bank robbery in violation of 18 U.S.C. § 2113(a). We affirm the judgment of the district court.

## FACTS

At trial, the government established the following:

On November 30, 1988, Cook entered the Bank of America at 5700 South Vermont Avenue, Los Angeles, approached a teller, Sam Latkins, and said, "Give me your money," adding, "If you don't give me the money I will start shooting up the place." Latkins believed Cook had a gun due to the motion of his hands; he gave Cook money.

On December 5, 1988, Cook entered the same bank and said to a teller, Rene Butler, "Give me your money," adding, "Give all of that money or I will shoot you." He held his hand in his pocket as if concealing a weapon. Butler was scared and gave Cook money.

On December 8, 1988, Cook entered the same bank and again went to Latkins telling him, "Hand it over. You know what I want." Latkins gave him money. Shortly thereafter Cook was arrested.

## PROCEEDINGS

Cook was indicted on three counts of bank robbery. He presented an insanity defense. He offered the testimony of Herbert Robinson, a psychiatrist who first examined him on December 8, 1988 at the request of the State Department of Rehabilitation. He found Cook to be not "overtly delusional or psychotic at that time but he was tending to be that way." He then interviewed Cook on January 20, 1989 at the Metropolitan Detention Center. He found him "a little closer to being overtly psychotic borderline without the real gross psychotic aspects." He examined Cook a third time on June 16, 1989 and reviewed Cook's medical history over the past 15 years. At the trial on direct examination, Robinson was asked to describe Cook's mental condition on the three dates the defendant entered the bank. He replied, "I found that the patient was delusional, paranoid, grandiose, these things that we have been talking about, in other words not in touch with reality, and I felt that this— that he was not sane at the time I saw him."

On the government's objection to the last question, the court ruled that Robinson could not testify as to whether Cook was insane or not. The court then instructed the jury that "the ultimate issue of the sanity or insanity is an issue for you to decide ... Therefore, I am striking the testimony of the witness solely as to the defendant's sanity ... No other part of this witness' testimony is being stricken...." Robinson further testified that during the course of one of the interviews after the robbery Cook stated that he had gone into the bank to get his own money. Cook's mother also testified that Cook told her that he had money in this particular branch of Bank of America and refused to believe her when she said that he did not.

The government presented the testimony of Saul Faerstein, a psychiatrist who had also examined Cook. Like Robinson, Faerstein diagnosed Cook as suffering from chronic paranoid schizophrenia. He added that he also had a "substance abuse disorder" and an "anti-social personality disorder." Faerstein was asked by the government if these mental conditions "precluded one from knowing what he or she is doing?" He answered, "Not at all." He was asked if it precluded one "from appreciating the natural quality or wrongfulness of his or her acts" and replied, "No, it does not." He was then asked, "If someone suffered from a delusion that he or she had money in the bank and is entering the bank demanding money from a teller, claiming to have a gun and threatening the teller, is that consistent with such a delusion?" He replied, "No. Such behavior is not consistent with that delusional belief. If one had a delusion that one had $2,000 in a bank, one might enter that bank with a with-

---

* The Honorable Samuel P. King, Senior United States District Judge, for the District of Hawaii, sitting by designation.

drawal slip, fill it out, submit it to the teller, and ask to make a withdrawal. That would be behavior that in my mind would be consistent with a firmly-held belief by that person that he has money in the bank." Defense counsel did not object to these questions or move to strike Faerstein's testimony.

Cook was convicted and sentenced to 17½ years in prison. He now appeals his convictions and his sentence.

### ANALYSIS

■■■ Cook now objects to the hypothetical question asked of Faerstein contending that it was a violation of Fed.R. of Evid. 704(b). The objection was waived by not being made at trial. *United States v. Tarazon,* 989 F.2d 1045, 1051 (9th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 155, 126 L.Ed.2d 116 (1993). It is manifestly unfair to the court and to the other side to raise an objection to testimony that was not made at trial. Despite the lack of objection, we review the admission of Faerstein's testimony for plain error, *id.,* and find no such error.

We do take the opportunity to express the view that the government engaged in overkill. It was perfectly clear from the questions answered by Faerstein that in his opinion Cook did not have a mental defect preventing him from committing the crime. The question now objected to went very close to stating an "inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged," the very kind of testimony forbidden by Rule 704(b). *See United States v. Wang,* 49 F.3d 502 (9th Cir.1995).

■■■ As to sentencing, Cook contends that the district court should have departed downward because of his mental condition, but failed to do so under the mistaken belief that it lacked the power. The court, however, reviewed Cook's long criminal history and said, "because of all the significant problems he's had in the past, I couldn't make any significant downward departure." Under either Guideline § 5K2.13 or § 5H1.1–6 (which refers directly to Chapter 5 of the Guidelines) the court is permitted to depart downward if the defendant "committed a non-

violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants." *See United States v. Cantu,* 12 F.3d 1506, 1510–14 (9th Cir.1993). The unarmed bank robberies committed by Cook did not qualify as non-violent offenses. *See United States v. Borrayo,* 898 F.2d 91, 94 (9th Cir. 1990).

AFFIRMED.