103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Scott GOLDEN, Defendant-Appellant.
 No. 95-10562.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1996.*
Decided Nov. 20, 1996.
 
 Before: HUG, Chief Judge, REAVLEY** and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Appellant David Golden was convicted of several counts of bank robbery. He was unarmed when he committed the offenses. The district court denied his request for a downward departure based on diminished capacity under U.S.S.G. § 5K2.13, which provides that a downward adjustment may be warranted where "the defendant committed a non-violent offense while suffering from significantly reduced mental capacity...."
 
 
 3
 Golden has filed a brief with a suggestion for initial rehearing en banc. As a panel, we are bound by United States v. Borrayo, 898 F.2d 91 (9th Cir.1989), which held that a downward adjustment for diminished capacity was not available in a case of unarmed attempted bank robbery, because the offense did not qualify as a "non-violent offense." Id. at 94. We concluded that a "non-violent offense" under U.S.S.G. § 5K2.13 cannot be a "crime of violence" under U.S.S.G. § 4B1.2, which concerns career offender sentencing. Under § 4B1.2, a crime of violence includes one that has as an element "use, attempted use, or threatened use of physical force against the person of another." Application Note 2 states without exception that robbery is a crime of violence. In United States v. Cook, 53 F.2d 1029 (9th Cir.), cert. denied, 116 S.Ct. 249 (1995), we reaffirmed that unarmed bank robbery does not qualify as a non-violent offense under § 5K2.13.
 
 
 4
 Because the district court and this panel are bound by Borrayo, we need not consider the question of whether the defendant was, in fact, suffering from significantly reduced mental capacity.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3