124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Perry Eugene GREEN, Defendant-Appellant.
 No. 97-10084.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997.**
Decided September 15, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CR-96-40037-SBA; Saundra B. Armstrong, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Perry E. Green appeals his sentence imposed after his guilty plea to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). He contends that the district court erred by holding that because the robberies were violent offenses, it lacked discretion to depart downward pursuant to U.S.S.G. §§ 5H1.3 and 5K2.0, p.s., based on his extraordinary mental condition. We vacate:he sentence and remand for resentencing.
 
 
 3
 The district court has authority to depart downward on the basis of diminished capacity if the offense was nonviolent. U.S.S.G. § 5K2.13, p.s. The district court also has authority to depart downward on the basis of extraordinary mental condition. U.S.S.G. §§ 5H1.3, p.s. (mental condition not ordinarily ground for departure except as provided in § 5K2), 5K2.0, p.s. (departure authorized on basis of mitigating circumstance of kind or degree not taken into consideration in formulation of guidelines); United States v. Gurza-Juarez, 992 F.2d 896, 913 (9th Cir.1993) (authorizing departure for defendant who committed nonviolent offense), cert. denied, 510 U.S. 1058 (1994). We have held that "[u]nder either Guidelines § 5K2.13 or § 5H1.1-6 (which refers directly to Chapter 5 of the Guidelines) the court is permitted to depart downward if the defendant 'committed a nonviolent offense while suffering from significantly reduced mental capacity.' " United States v. Cook, 53 F.3d 1029, 1031 (9th Cir.) (quoting U.S.S.G. § 5K2.13, p.s.), cert. denied, 116 S.Ct. 249 (1995).
 
 
 4
 Green contends that Cook does not resolve the issue whether like a § 5K2.13 departure, a § 5K2.0 departure for extraordinary mental condition requires that the defendant committed a nonviolent offense. He also contends that pursuant to Koon v. United States, 116 S.Ct. 2035 (1996), no such requirement is permitted. See id. at 2051 ("A federal court's examination of whether a factor can ever be an appropriate basis for departure is limited to determining whether the Commission has proscribed, as a categorical matter, consideration of the factor."). The guidelines do not proscribe departures on the basis of the extraordinary mental condition of a violent offender. See U.S.S.G. §§ 5H1.3, 5K2.0, p.s. (not discussing nature of offense); United States v. Mendoza, No. 96-50137, slip op. 9215, 9225 (9th Cir. Aug. 6, 1997) (district court had discretion to depart on basis that defendant had no knowledge of purity of drug he delivered even though guidelines commentary provides for such departures only upon conditions that defendant did not meet).
 
 
 5
 Accordingly, the district court had discretion to consider whether to depart downward on the basis of extraordinary mental condition. See Koon, 116 S.Ct. at 2051; Mendoza, slip op. at 9222, 9225. We VACATE the district court's judgment and REMAND for resentencing.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3