145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Norman Dean YAZZIE, Defendant-Appellant.
 No. 97-10134.
 United States Court of Appeals, Ninth Circuit.
 May 20, 1998.
 
 Appeal from the United States District Court for the District of Arizona.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 Submitted May 14, 1998**
 CARROLL, J. Presiding
 
 
 1
 Norman Dean Yazzie appeals his jury conviction and sentence for first degree murder (18 U.S.C. §§ 1153 & 1111), assault with intent to commit murder (18 U.S.C. §§ 1153 & 113(a)(1)); use of firearm in a crime of violence (18 U.S.C. § 924(c)), attempted arson of a dwelling (18 U.S.C. §§ 1153 & 81), and assault of a federal officer (18 U.S.C. § 111). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 Yazzie contends that the district court erred by failing to strike a potential juror from the jury pool because she was exempt from service under 28 U.S.C. § 1863(b)(6). Even if we were to assume the district court's failure to strike the potential juror was error, reversal is not warranted. The record shows that the venireperson in question did not serve as a juror in this case and Yazzie has failed to allege that any separate constitutional violation occurred. See United States v. Duque, 62 F.3d 1146, 1152 (9th Cir. 1995).
 
 
 3
 Yazzie next contends that the trial court erred by limiting the testimony of his expert witness, Dr. Hammerschlag, under Federal Rule of Evidence 704(b). Our review of the record discloses neither an abuse of discretion nor any manifest error. See United States v. Lewis, 837 F.2d 415, 418 (9th Cir. 1988).
 
 
 4
 Dr. Hammerschlag was permitted to testify that Yazzie suffered from acute dissociative disorder as well as the cultural syndrome of amok and was allowed to describe in detail the characteristics and effects of these conditions. The court, however, sustained the government's objection when the defense sought further explanation on what specific role amok played on the day of the murders and how it related to "the way Norman Yazzie was" on the day of the murders. This approach comported fully with the requirements of rule 704(b). See Fed. R. Evid. Rule 704(b); United States v. Juvenile Male, 864 F.2d 641, 647-48 (9th Cir. 1988) (court properly refused to allow question concerning defendant's state of mind); see also United States v. Webb, 115 F.3d 711, 716 (9th Cir.), cert. denied, 118 S. Ct. 429 (1997) (noting that rule 704 precludes questions regarding a defendant's intent or knowledge).[1]
 
 
 5
 Finally, Yazzie contends that the district court's imposition of consecutive sentences pursuant to 18 U.S.C. 924(c) was improper because his conduct fell within the more specific terms of section 924(j). However, section 924(j) is a sentencing enhancement provision that extends the maximum term for a section 924(c) violation when death results; it neither alters nor modifies the requirement that the sentences be imposed consecutively. See 18 U.S.C. § 924(j).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 Yazzie also contends that he was precluded from asking whether a person in a dissociative state would know what he was doing. However, the record shows that Dr. Hammerschlag was allowed to briefly testify that a person in such a state would have no conscious awareness of what was going on. The fact that the court limited further testimony on this issue on the grounds that it was on the verge of impermissible territory, was proper. See United States v. Cook, 53 F.3d 1029, 1031 (9th Cir. 1995) (noting that testimony regarding whether someone with particular disorder would know what he was doing came very close to "the very kind of testimony forbidden by Rule 704(b)"); see also Webb, 115 F.3d at 716 (noting that Rule 704(b) would preclude expert's opinion as to whether a hypothetical defendant in a hypothetical factual scenario, indistinguishable from the defendant and facts in the case before court, would have the necessary intent)