**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Arthur James HOUSER, Defendant–
Appellant.**

No. 00–30235.

D.C. No. CR–00–00038–JWS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 2001.

Decided Aug. 24, 2001.

Before SCHROEDER, Chief Judge,
T.G. NELSON and SILVERMAN, Circuit
Judges.

## MEMORANDUM *

Arthur James Houser appeals his 27
month sentence following a guilty plea to
bank robbery, in violation of 18 U.S.C.
§ 2113(a). Specifically, Houser argues
that the district court should not have
enhanced his sentence for making a
"threat of death" under U.S. Sentencing
Guideline ("U.S.S.G.") § 2B3.1(b)(2)(f) be-
cause he was unarmed, despite the fact
that Houser wrote a note promising not to
use a gun if the bank teller cooperated.
Houser also claims the district court erred
in concluding that it lacked the authority
to make a diminished capacity downward

---

\* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
Ninth Circuit Rule 36–3.

departure on the basis that U.S.S.G. § 5K2.13 makes such a departure unavailable when there is a "serious threat of violence."

The threat of gun use during a robbery or similar offense counts as a threat of death. *See, e.g., U.S. v. Eaton,* 934 F.2d 1077, 1079 (9th Cir.1991)(threat to shoot a gun during a bank robbery amounts to a "threat of death" as defined in U.S.S.G. § 2B3.1(b)(2)). A threat to use deadly force can trigger an increase in the offense level even where the defendant does not explicitly state that the use of such force will occur unless the target complies with the defendant's demands. *U.S. v. France,* 57 F.3d 865, 866–67 (9th Cir.1995)(upholding the two-level enhancement under Section 2B3.1 where defendant sought to intimidate robbery victim by writing "I have dynamite" on a note). The court in *France* emphasized that it was unnecessary for the defendant making such an implied threat to explicitly state that deadly force would be used "if you don't give me the money." *Id.* at 868; *see also U.S. v. Strandberg,* 952 F.2d 1149, 1151 (9th Cir.1991)(holding that a Section 2B3.1 adjustment "does not require that the defendant state that he intends to kill the teller if his demands are not met"). The threat to use deadly force is functionally no different than a promise not to use a gun if cooperation is forthcoming.

Houser also claims the district court erred in denying him the benefit of a downward departure on the basis of diminished capacity pursuant to U.S.S.G. § 5K2.13. Such a departure is not, however, available where the court concludes that:

> [T]he facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence. . . .

U.S.S.G. § 5K2.13(2).

The district court concluded that its determination that Houser's unarmed bank robbery involved a threat of death foreclosed any downward departure under this guideline, because a threat of death was akin to a "serious threat of violence." Where an offense is a "crime of violence," this court has concluded that a diminished capacity departure under Section 5K2.13 is unavailable. *U.S. v. Borrayo,* 898 F.2d 91, 94 (9th Cir.1990). A defendant who threatens physical force cannot avail himself of Section 5K2.13. *Id.* In an unusual case we held that an indirect threat did not rise to the level of a "serious threat of violence." *See U.S. v. Walter,* 256 F.3d 891, 893 (9th Cir.2001) (holding that the district court erred in finding that defendant seriously threatened violence when he sent a letter threatening the President over the forged signature of someone on whom he wanted revenge; defendant evinced no actual intent to threaten the President himself, but only to make trouble for the object of his revenge). This is not such a case. Houser made a threat of death in the course of a robbery; the fact that he was unarmed does not diminish the seriousness of that threat. As a result, Section 5K2.13 is not available to Houser to support a departure.

AFFIRMED.