**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

ROBERT WADDELL, JR.,
　　　　　*Defendant-Appellant.*

No. 01-4071

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-244, CR-00-245, CR-00-246, CR-00-247, CR-00-416)

Submitted: July 24, 2001

Decided: September 10, 2001

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Waddell, Jr., was convicted pursuant to his guilty pleas of five counts of bank robbery. Waddell's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), alleging that the district court erred by sentencing Waddell as a career offender pursuant to USSG § 4B1.1.[1] Although advised of his right to do so, Waddell did not file a pro se supplemental brief. Finding no error, we affirm.

The basic facts of this case are undisputed. Waddell robbed five banks in North and South Carolina between March 7 and June 7, 2000. In each case, Waddell presented a note demanding money and stating that he had a gun. No firearm was observed during any of the robberies.

Because Waddell did not object to the district court's sentencing calculation at trial, we review its decision for plain error and find none. *United States v. Olano*, 507 U.S. 725, 733-36 (1993). The Guidelines provide that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1.

The record here clearly shows that Waddell satisfies all three criteria. First, he was forty-one years old at the time of the robberies. Second, unarmed bank robbery is a felony crime of violence for purposes of USSG § 4B1.1. *United States v. Davis*, 915 F.2d 132 (4th

---

[1] *U.S. Sentencing Guidelines Manual* (2000).

Cir. 1990). Finally, Waddell's 1989 state convictions for assault on a female qualify as prior felony convictions for a crime of violence under the Guidelines.[2] *United States v. Johnson*, 114 F.3d 435, 444-45 (4th Cir. 1997).

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We therefore affirm Waddell's sentence. Counsel's current motion to withdraw is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]Waddell was thirty-one years old at the time of these offenses.