**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jaime SANDOVAL–HERNANDEZ,
aka Miguel Sanchez–Perez,
Defendant—Appellant.**

**No. 05–50296.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2006.

Withdrawn from Submission
Sept. 11, 2006.

Resubmitted April 11, 2008.

Filed April 25, 2008.

Steven M. Arkow, Michael J. Raphael, Los Angeles, CA, for Plaintiff–Appellee.

Gail Ivens, Kathryn A. Young, Los Angeles, CA, for Defendant–Appellant.

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and JONES **, U.S. District Judge.

---

** The Honorable Robert C. Jones, District Court Judge for the District of Nevada, sitting by designation.

MEMORANDUM *

Jaime Sandoval–Hernandez ("Sandoval–Hernandez") challenges the sentence issued by the district court after he was convicted of being present in the United States as an illegal alien following deportation, in violation of 8 U.S.C. § 1326. We hold that Sandoval–Hernandez' sentence of sixty months—below the advisory guidelines range—was not unreasonable, and we affirm the decision of the district court.

This court will only set aside a procedurally erroneous or substantively unreasonable sentence. *See Rita v. United States*, 551 U.S. ——, ——, 127 S.Ct. 2456, 2459, 168 L.Ed.2d 203 (2007) (citing *United States v. Booker*, 543 U.S. 220, 261–63, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)). Here, the district court followed proper procedure. The district court determined the applicable Guidelines range, then considered the factors in 18 U.S.C. § 3553(a) in seeking "a sentence sufficient, but not greater than necessary," and provided an explanation for why the chosen sentence fell below that suggested by the Guidelines. *See United States v. Carty*, 520 F.3d 984, 991–94 (9th Cir.2008) (describing the procedural requirements for proper sentencing).

Nor was the resulting sentence substantively unreasonable. The district court balanced the potential dangers posed by the Sandoval–Hernandez against the extraordinary childhood abuse he suffered. *See United States v. Roe*, 976 F.2d 1216, 1218 (9th Cir.1992) ("[T]he psychological effects of childhood abuse may ... be considered as a basis for departure in extraordinary circumstances.").

Sandoval–Hernandez was not entitled to a further downward departure. Sandoval–Hernandez did not illegally re-enter the country out of necessity or to avoid a greater harm, because he had the option of applying for readmission to the United States. *See United States v. Arellano–Rivera*, 244 F.3d 1119, 1125 (9th Cir.2001) (recognizing a necessity defense is available where "a person commits a particular offense to prevent an imminent harm which *no available options* could similarly prevent.") (emphasis added). Sandoval–Hernandez could not obtain a departure for diminished capacity, because voluntary use of alcohol, crack cocaine, and heroin contributed to any reduced mental capacity. *See United States v. Borrayo*, 898 F.2d 91, 94 (9th Cir.1989) (interpreting U.S.S.G. § 5K2.13).

We reject the argument that the reporting condition imposed as a term of Sandoval–Hernandez' supervised release violates his Fifth Amendment rights by requiring self-incrimination. *See United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 769–73 (9th Cir.2006) (holding that "[o]n its face, the reporting condition does not violate [defendant's] right against self-incrimination under the Fifth Amendment").

Sandoval–Hernandez further claims that the district court delegated excessive authority by allowing the probation officer to determine the costs Sandoval–Hernandez owed for drug treatment. That argument is foreclosed by *United States v. Dupas*, 419 F.3d 916, 922 (9th Cir.2005), where we affirmed a supervised release condition providing that, as in this case, the defendant shall make payments "[a]s directed by the Probation Officer."

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, Sandoval–Hernandez's sentence did not violate constitutional principles by punishing the defendant for prior convictions that were not alleged in the indictment and proven beyond a reasonable doubt. *See Jones v. United States,* 526 U.S. 227, 248, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (explaining that *Almendarez–Torres v. United States,* 523 U.S. 224, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), "stands for the proposition that . . . recidivism increasing the maximum penalty need not be so charged."). "Unless and until *Almendarez–Torres* is overruled by the Supreme Court, we must follow it." *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000). The argument that *Almendarez–Torres* has effectively been overruled, and that 8 U.S.C. § 1326(b) is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), has been "foreclosed" by circuit precedent. *United States v. Covian–Sandoval,* 462 F.3d 1090, 1096–97 (9th Cir.2006).

For the foregoing reasons, Sandoval–Hernandez' sentence is affirmed.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.