# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10866

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

DAVID LEE BREWER,

Defendant–Appellant.

Cons w/No. 15-10947

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

WILLIAM EUGENE BOYD,

Defendant–Appellant.

Appeals from the United States District Court
for the Northern District of Texas

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

No. 15-10866 cons. w/No. 15-10947

EDWARD C. PRADO, Circuit Judge:

This case involves a consolidated criminal appeal in which David Lee Brewer and William Eugene Boyd (collectively, "the Appellants") each pleaded guilty pursuant to a plea agreement to one count of bank robbery. The Appellants were sentenced as career offenders in separate proceedings. The Appellants both objected to application of the career-offender enhancement during sentencing. The district court in both cases overruled this objection, and Brewer and Boyd now appeal. Because federal bank robbery qualifies as a crime of violence under § 4B1.2(a)(1), we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case is a consolidated direct appeal of two criminal cases involving federal bank robbery. A brief summary of the facts of each Appellant's case follows.

**A.     David Lee Brewer**

On December 17, 2014, David Lee Brewer robbed a bank in Lubbock, Texas. In January 2015, Brewer was indicted on one count of federal bank robbery in violation of 18 U.S.C. § 2113(a) and in May of that year he pleaded guilty. In its presentence report ("PSR"), the Probation Office applied the career-offender enhancement under U.S.S.G § 4B1.1 because it concluded that the instant offense was a "crime of violence" and that Brewer had two prior felony convictions that were either crimes of violence or controlled substance offenses. This initially raised Brewer's offense level from 24 to 32[1] and also raised Brewer's criminal history category from IV to VI.

Brewer filed written objections to the PSR's application of the career-offender Guidelines enhancement. He raised the same objections later during

---

[1] After considering Brewer's acceptance of responsibility, Brewer's total offense level was reduced to 29.

2

the sentencing hearing. The district judge ultimately overruled Brewer's objections and accepted the PSR's recommendation of a sentencing range between 151 and 188 months. The district judge subsequently sentenced Brewer at the top of that range.

## B.    William Eugene Boyd

Like Brewer, William Eugene Boyd was indicted under 18 U.S.C. § 2113(a) for federal bank robbery and pleaded guilty. The Probation Office classified Boyd as a career offender based on its conclusion that federal bank robbery is a "crime of violence" under U.S.S.G. § 4B1.2. This enhancement raised Boyd's adjusted offense level to 32 and his criminal history category from IV to VI.

Boyd made the same objections as Brewer to the application of the career-offender enhancement—both in writing and during sentencing. Thereafter, the district court overruled Boyd's objections, applied the career-offender enhancement, calculated an advisory Guidelines range of 151 to 188 months, and imposed a within-range sentence.

Both Brewer and Boyd timely appealed application of the career-offender enhancement to federal bank robbery.

## II. DISCUSSION

Both Appellants preserved error by arguing before the district court that their bank robbery convictions do not qualify as "crimes of violence" under § 4B1.2 for the purposes of the § 4B1.1 career-offender enhancement. Accordingly, "[t]his court reviews *de novo* the characterization of a prior offense as a crime of violence." *United States v. Flores-Vasquez*, 641 F.3d 667, 669 (5th Cir. 2011).

Section 4B1.1 provides an enhancement for defendants who qualify as "career offenders." *See* U.S.S.G. § 4B1.1(c). A defendant is considered a "career offender" if:

No. 15-10866 cons. w/No. 15-10947

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Here, Appellants only argue that their instant convictions of federal bank robbery do not constitute "crimes of violence." When the Appellants were sentenced, the Guidelines defined "crime of violence" as follows:

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[2]

U.S.S.G. § 4B1.2(a) (U.S. Sentencing Comm'n 2015). At the time, the application notes to § 4B1.2 added that a "'[c]rime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling."

---

[2] An amended version of this provision went into effect on August 1, 2016. The provision now reads:

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a) (U.S. Sentencing Comm'n 2016).

No. 15-10866 cons. w/No. 15-10947

U.S.S.G. § 4B1.2 cmt. n.1. Appellants argue that federal bank robbery does not fall within either clause contained in § 4B1.2(a).

We "employ a categorical approach when classifying a conviction for enhancement purposes, . . . and 'the analysis is grounded in the elements of the statute of conviction rather than a defendant's specific conduct.'" *United States v. Elizondo-Hernandez*, 755 F.3d 779, 781 (5th Cir. 2014) (per curiam) (quoting *United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir. 2013)); *accord United States v. Calderon-Pena*, 383 F.3d 254, 257 (5th Cir. 2004) (en banc). Under the categorical approach, we "assume[] that the defendant committed the least culpable act to satisfy the count of conviction as long as there is 'a realistic probability, not a theoretical possibility, that the State would apply its statute to [that conduct].'" *United States v. Carrasco-Tercero*, 745 F.3d 192, 198 (5th Cir. 2014) (emphasis omitted) (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013)). To show a realistic probability exists when a statute of conviction is not plain on its face, it is helpful for an offender to "at least point to his own case or other cases in which [a] court[] in fact did apply the statute in the special . . . manner for which he argues." *Id.* (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). In other words, "[t]heoretical applications of a statute to conduct that would not constitute a crime of violence do not demonstrate that the statutory offense is categorically not a crime of violence." *Id.* at 197–98.

Here, Appellants were convicted of federal bank robbery. A person commits this offense when he:

> by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . .

5

18 U.S.C. § 2113(a). Robbery by intimidation constitutes the least culpable conduct for which a defendant can be convicted under the statute.[3] Thus, the question before this Court is whether a robbery by intimidation necessarily involves conduct that fits within either definition of "crime of violence" articulated in § 4B1.2(a).

As to § 4B1.2(a)(1), the Appellants argue that a burglary by intimidation can occur without threatened, attempted, or actual use of force. Specifically, the Appellants contend that the broad definition this Court used for "intimidation" in *United States v. Higdon*, 832 F.2d 312 (5th Cir. 1987), permits a conviction for federal bank robbery "even without a threat to actually use force." In *Higdon*, this Court explained that "intimidation results when one individual acts in a manner that is reasonably calculated to put another in fear." 832 F.2d at 315. "Thus, from the perspective of the victim, a taking 'by intimidation' under section 2113(a) occurs when an ordinary person in the [victim's] position reasonably could infer a threat of bodily harm from the defendant's acts." *Id.* Although the Appellants are correct that on its face this definition would appear to include conduct other than a threat to use physical force—for example, poisoning or arson—our case law does not support such an interpretation.

For example, the facts in *Higdon* itself show that intimidation in the bank-robbery context is inherently tied to a threatened use of force. In that case, the defendant made "insistent demands that the tellers empty their cash drawers under circumstances calculated to engender fear and surprise in banking personnel." *Higdon*, 832 F.2d at 315. The Court found that the defendant's "scarcely-veiled threat of some unarticulated reprisal should the

---

[3] Moreover, the parties do not dispute that both Appellants were convicted of robbery by intimidation.

two victims 'dare' to get up from the floor [was] pungent with intimidation." *Id.* And the Court noted that it could "discern the aggressive, coercive nature of [the defendant's] terse and pointed orders" and that even the defendant's "posture in the surveillance photographs . . . exude[d] an aggressive, threatening presence as he lean[ed] over the teller counter and, with his right hand, demand[ed] compliance by his gestures." *Id.* at 315–16. Although the Court did not find an express threat of destructive or violent force, it nevertheless concluded the evidence was sufficient to uphold the defendant's conviction for federal bank robbery "by intimidation." *Id.* at 316.

The facts of *Higdon* show that while an express threat to use force may not be required for a conviction of robbery by intimidation, an implicit threat to use force is required. The kind of "intimidation" that suffices to put a victim in fear of bodily injury during the course of a bank robbery, and which would in turn allow a defendant to complete such a robbery, is the very sort of threat of immediate, destructive, and violent force required to satisfy the "crime of violence" definition. It is hard to imagine any successful robbery accomplished by threatening some far-removed reprisal that does not involve physical force. While the Appellants have presented several examples of cases where courts have found evidence sufficient to support a conviction for federal bank robbery by intimidation where no express threat was made, these cases do not demonstrate bank robbery could be accomplished without at least an implicit threat of direct physical force. *See, e.g.*, *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983) (noting that the victim "testified that during the course of [the defendant's] attempt she felt intimidated, frightened, and concerned for her unborn child" and that "the threats implicit in [the defendant's] written and verbal demands for money provide sufficient evidence of intimidation to support the jury's verdict"); *United States v. Robinson*, 527 F.2d 1170, 1172 (6th Cir. 1975) (concluding that "[a]n 'ordinary person' in the

teller's position could reasonably . . . infer an implicit threat in the demand, 'Give me all your money,' accompanied by the presentation of a 'black pouch'").[4]

And the decisions of other circuits likewise support our conclusion that robbery by intimidation must involve at least an implicit threat to use force. Other circuit courts to consider this issue have determined that federal bank robbery constitutes a crime of violence. *See, e.g.*, *United States v. Wright*, 957 F.2d 520, 521 (8th Cir. 1992) (holding federal bank robbery is a "crime of violence" under § 4B1.2(a)(1) because it involves the threat of force); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) (same); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (same); *United States v. Maddalena*, 893 F.2d 815, 819 (6th Cir. 1989) (same).

Because the Appellants have failed to present any cases showing that robbery by intimidation can be accomplished without at least an implicit threat to use force, we agree with our sister circuits that federal bank robbery is a crime of violence under U.S.S.G. § 4B1.2(a)(1). Accordingly, we do not address the parties' other arguments regarding the application notes or the residual clause of § 4B1.2(a)(2).

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court.

---

[4] Although none of the cases cited by the Government expressly state that the "threat" found by the court is a threat of physical violence, this seems to be the conclusion implicit in these holdings. Certainly, none of these cases suggests that the "threat" communicated by the defendant or experienced by the victim is a threat of some removed bodily injury that does not involve physical violence.