# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60673
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
June 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRIS EUGENE COSNER,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 1:15-CR-96-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A jury convicted Chris Eugene Cosner of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced Cosner as a career offender pursuant to U.S.S.G. § 4B1.1 to a total of 360 months of imprisonment. Cosner now appeals, contending that his bank robbery conviction is not a "crime of violence" for the purposes of serving as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60673

predicate offense for his § 924(c)(1) conviction or for application of the career-offender guideline.   He also asserts that the district court improperly participated in plea negotiations and that trial counsel rendered constitutionally ineffective assistance.  We affirm.

First, as Cosner concedes, his challenges to the characterization of his federal bank robbery conviction of a "crime of violence" are foreclosed by our recent decision in *United States v. Brewer*, which held that federal bank robbery is categorically a "crime of violence" as defined by § 4B1.2(a)(1) for the purpose of the career-offender guideline.  *See* 848 F.3d 711, 714-16 (5th Cir. 2017).  Because § 4B1.2(a)(1) defines "crime of violence" "in exactly the same manner as § 924(c)(3)(A)," *see United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017), *Brewer* necessarily dictates that federal bank robbery is also categorically a "crime of violence" for the purposes of his § 924(c)(1) conviction, *see* 848 F.3d at 714-16.

Second, Cosner fails to establish either that the district court impermissibly participated in plea discussions or, if it did, that such participation had any effect on the fairness and impartiality of his trial and sentencing.  *See* FED. R. CRIM. P. 11(c)(1), (h); *United States v. Crowell*, 60 F.3d 199, 205 (5th Cir. 1995).

Third, we are unpersuaded that this is a "rare case" in which the record is sufficiently developed to allow this court to consider Cosner's claims of ineffective assistance of trial counsel in the first instance on direct appeal.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).  Accordingly, we dismiss those claims without prejudice to collateral review.  *Id.*

AFFIRMED.