# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 16-11705
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2017

Lyle W. Cayce
Clerk

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BURL BAILEY BLAYLOCK, IV,

Defendant-Appellant

CONSOLIDATED WITH No. 17-10205

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOAH BRADLEY LESTER,

Defendant-Appellant

————————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-323-1
USDC No. 3:15-CR-196-1

————————

No. 16-11705
c/w No. 17-10205

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Burl Bailey Blaylock, IV, appeals his sentence of 60 months of imprisonment and two years of supervised release imposed in connection with his conviction for possession of a firearm by a felon. Blaylock's guidelines range was calculated based on an offense level set by U.S.S.G. § 2K2.1 because he had prior convictions for crimes of violence. Section 2K2.1 uses the definition of crime of violence set forth in U.S.S.G. § 4B1.2. § 2K2.1, comment. (n.1).

Noah Bradley Lester appeals his concurrent sentences of 240 months and 262 months, followed by three years of supervised release, imposed in connection with his conviction for two counts of bank robbery. Lester was sentenced as a career offender under the provisions of § 4B1.1 and § 4B1.2. Both Blaylock and Lester argue that their prior convictions for the Texas offense of robbery do not qualify as a crime of violence under the definition in § 4B1.2. Blaylock argues that his prior conviction for the Texas offense of assault family violence impeding breath/circulation does not qualify as a crime of violence because it does not have as an element the use of force. Lester argues that his prior conviction for the offense of federal bank robbery does not qualify as a crime of violence because it does not have as an element the use of force.

The Government has filed an unopposed motion for summary affirmance, asserting that the arguments are foreclosed. Blaylock and Lester correctly concede that their arguments are foreclosed by *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380-81 (5th Cir. 2006), *overruled on*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11705
c/w No. 17-10205

*other grounds by United States v. Rodriguez*, 711 F.3d 541, 547-63 (5th Cir. 2013) (en banc), *United States v. Brewer*, 848 F.3d 711, 716 (5th Cir. 2017), and *United States v. Howell*, 838 F.3d 489, 492 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1108 (2017). They raise the issues only to preserve them for further review; thus, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED. The judgments are AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.