**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4378
_____

UNITED STATES OF AMERICA

v.

ANDRE S. LEWIS,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cr-00368-001)
District Judge: Hon. Legrome D. Davis

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 2, 2017

_____

Before: SHWARTZ and ROTH, Circuit Judges,
and PAPPERT, District Judge.[*]

(Filed: January 8, 2018)
_____

OPINION[**]
_____

SHWARTZ, Circuit Judge.

---

[*] Honorable Gerald J. Pappert, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[**] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Andre Lewis pleaded guilty to one count of unarmed bank robbery and two counts of attempted unarmed bank robbery, in violation of 18 U.S.C. § 2113(a), and was sentenced pursuant to the career offender guideline, U.S.S.G. § 4B1.1. Because Lewis's bank robbery convictions and prior conviction for aggravated assault under 18 Pa. Cons. Stat. § 2702(a)(4) are crimes of violence under § 4B1.1, and because he also had a prior drug conviction, he was properly sentenced under the career offender guideline, and we will affirm.

I

In June 2015, Lewis entered a Wells Fargo bank in Philadelphia, displayed the handle of a firearm, and passed the teller a note stating: "I know where you live. Dn't make any funny movements or us an your coworkers are fuckin dead hand over cash." The teller handed Lewis $1,740.25, and Lewis left the bank. Over the next month, Lewis twice attempted to rob another Wells Fargo bank using similar demand notes but left with no money. Lewis pleaded guilty to bank robbery and attempted bank robbery in violation of § 2113(a).

The United States Probation Office prepared a Presentence Investigation Report ("PSR") recommending that Lewis be sentenced as a career offender under § 4B1.1. Under that provision, a defendant qualifies for the career offender enhancement if, among other things, he is convicted of either a "controlled substance offense" or a "crime of violence" and has at least two prior convictions falling within those two categories. U.S.S.G. § 4B1.1(a). According to the PSR, Lewis was convicted of bank robbery,

2

which the PSR stated was a crime of violence, and had prior drug and aggravated assault convictions.

Lewis objected to the career offender designation on the ground that his prior aggravated assault conviction did not qualify as a crime of violence. The District Court rejected that argument, departed downward from the applicable career offender Guidelines range of 151 to 181 months, and sentenced Lewis to 120 months' imprisonment followed by three years of supervised release. Lewis appeals.

II[1]

Lewis argues that his unarmed bank robbery conviction and his prior Pennsylvania aggravated assault conviction are not "crime[s] of violence" under U.S.S.G. § 4B1.2, and therefore, it was error to sentence him as a career offender.[2]

"Whether a . . . conviction constitutes a crime of violence for purposes of the career offender Guideline is a question of law over which we exercise plenary review." United States v. Brown, 765 F.3d 185, 188 (3d Cir. 2014) (internal quotation marks omitted). However, where a defendant fails to preserve his objection in the District Court, we review for plain error.[3] United States v. Russell, 564 F.3d 200, 203 (3d Cir.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. §§ 1291 and 3742.

[2] Lewis does not dispute that his drug conviction is a qualifying offense under the career offender provision.

[3] To establish plain error, Lewis must demonstrate: (1) an error; (2) that is clear or obvious; and (3) that affects his substantial rights. Gov't of the V.I. v. Mills, 821 F.3d 448, 456 (3d Cir. 2016). If all three prongs are satisfied, then our Court has discretion to remedy the error "only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 457 (internal quotation marks and alteration omitted).

2009); see also Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). In the District Court, Lewis argued only that his prior aggravated assault conviction is not a crime of violence under the career offender provision. Thus, the District Court's application of the career offender sentencing guideline is subject to plain error review with respect to Lewis's bank robbery conviction and plenary review with respect to Lewis's aggravated assault conviction.

Regardless of the standard of review, each issue raised on appeal requires us to consider whether a particular offense constitutes a crime of violence under § 4B1.2. A "crime of violence" is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that "has as an element the use, attempted use, or threatened use of physical force against the person of another." [4] U.S.S.G. § 4B1.2(a)(1). "[P]hysical force" under § 4B1.2(a)(1) means "violent force," which is a "force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010) (interpreting "physical force" as used in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i), whose language is identical to § 4B1.2(a)(1)).[5] In addition, the use of physical force must be knowing or intentional;

---

[4] The word "use" in the force clause of § 4B1.2(a)(1) means "the intentional employment of . . . force, generally to obtain some end." Tran v. Gonzales, 414 F.3d 464, 470 (3d Cir. 2005).

[5] Although Johnson involved a sentencing enhancement under the ACCA, our Court has extended that analysis to § 4B1.2. E.g., United States v. Chapman, 866 F.3d 129, 132 n.3 (3d Cir. 2017); Brown, 765 F.3d at 189 n.2; United States v. Hopkins, 577 F.3d 507, 511 (3d Cir. 2009).

4

recklessness or gross negligence are insufficient. United States v. Chapman, 866 F.3d 129, 133-36 (3d Cir. 2017); United States v. Otero, 502 F.3d 331, 335 (3d Cir. 2007).

To determine whether the crime of conviction is a crime of violence, courts typically apply the categorical approach, which compares the elements of the statute under which the defendant was convicted with the definition of a crime of violence. Chapman, 866 F.3d at 133-34 (citing Descamps v. United States, 133 S. Ct. 2276, 2281 (2013)). Specifically, we "ask whether 'the use or threat of physical force' is an element of the [statute]" under which the defendant was convicted. Id. at *4. This requires us to "ascertain the least culpable conduct hypothetically necessary to sustain a conviction under the statute." United States v. Dahl, 833 F.3d 345, 350 (3d Cir. 2016) (internal quotation marks omitted). In making this determination, "we look only to the statutory definitions—i.e., the elements—of a defendant's . . . offense, and not to the particular facts underlying the conviction."[6] Chapman, 866 F.3d at 134 (internal quotation marks, alterations, and emphasis omitted). That crime is then compared to the crime of violence definition described above. Id. at 133-36.[7]

---

[6] If a statute is divisible such that it "list[s] elements in the alternative, and thereby define[s] multiple crimes," then courts use the modified categorical approach, which allows a court to consider certain limited documents to determine "what crime, with what elements, a defendant was convicted of." Mathis v. United States, 136 S. Ct. 2243, 2249 (2016).

[7] Our concurring colleague, relying on United States v. Robinson, 844 F.3d 137, 141 (3d Cir. 2016), says that we need not resort to the categorical approach to determine whether the instant conviction (as opposed to a prior conviction) constitutes a crime of violence because "the record of all necessary facts [concerning the offense] are before the District Court." After Robinson, however, our Court issued Chapman, in which it applied the categorical approach to determine whether the instant offense there constituted a crime of violence under § 4B1.2, see Chapman, 866 F.3d at 131-34, even

5

With this background, we will consider whether unarmed bank robbery under

§ 2113(a) and aggravated assault under 18 Pa. Cons. Stat. § 2702(a)(4) are crimes of

violence.

---

though the Court had the facts before it and could have reviewed the record to evaluate whether the offense was a crime of violence. We are bound to follow <u>Chapman</u> and not <u>Robinson</u>. First, like this case, <u>Chapman</u> assessed whether a conviction constituted a crime of violence under the career offender sentencing enhancement and the conviction was based on a plea rather than a trial. In contrast, <u>Robinson</u> concerned whether a post-trial conviction for Hobbs Act robbery qualified as a crime of violence for purposes of a conviction under 18 U.S.C. § 924(c), which punishes brandishing a firearm during the commission of a crime of violence. 844 F.3d at 139-40. Second, the <u>Chapman</u> panel was aware of <u>Robinson</u> and chose not to apply it, <u>see</u>, <u>e.g.</u>, 866 F.3d at 136 (Jordan, J., concurring) (citing <u>Robinson</u>). Moreover, four other circuit courts have similarly applied the categorical or modified categorical approach to assess whether an instant offense of federal bank robbery was a crime of violence under the career offender sentencing enhancement. See <u>United States v. Harper</u> 869 F.3d 624, 626-27 (8th Cir. 2007); <u>United States v. Ellison</u>, 866 F.3d 32, (1st Cir. 2017); <u>United States v. Brewer</u>, 848 F.3d 711 (5th Cir. 2017); <u>United States v. McBride</u>, 826 F.3d 293 (6th Cir. 2016). As a result, we have applied <u>Chapman</u> because that is what the precedent requires.

Our application of the precedent, however, does not mean that our concurring colleague and the courts whose opinions she cites lack a well-founded concern. In fact, we agree with the observations of these jurists concerning the practicalities (or put differently, the lack of reality) sometimes associated with the categorical approach. Thus, contrary to the concurrence's characterization, we are not closing our eyes to the facts or even the well-placed criticism of the categorical approach. Rather, we are applying the approach required by the current, albeit criticized, precedent.

In any event, whether or not we apply the categorical approach, the result is the same because Lewis's unarmed bank robbery conviction constituted a crime of violence under the enumerated offenses clause of § 4B1.2. In the context of the Sentencing Guidelines, "generic federal robbery is defined . . . without the requirement of more than <u>de minimis</u> force." <u>United States v. Graves</u>, __ F.3d __, 2017 WL _____ (3d Cir. Dec. 13, 2017). Robbery by intimidation under § 2113(a) requires at least <u>de minimis</u> force and therefore is consistent with the generic crime of robbery referenced in § 4B1.2's enumerated offenses clause. For this additional reason, it qualifies as a crime of violence.

## III

### A

Section 2113(a) provides, in relevant part:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association. . . .
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). The elements of the crime are: "[1] taking, or attempting to take, [2] anything of value, [3] by force and violence, by intimidation, or by extortion" from a financial institution whose accounts are insured by the Federal Deposit Insurance Corporation. United States v. Askari, 140 F.3d 536, 548 (3d Cir. 1998) (en banc), vacated and superseded on other grounds on reconsideration, 159 F.3d 774 (3d Cir. 1998); see also 18 U.S.C. § 2113(f) (defining "bank"). Thus, § 2113(a) bank robbery is committed "by force and violence, or by intimidation" or by "extortion." The least culpable conduct for which a defendant can be convicted under the statute is taking money or property "by intimidation." We must therefore assess whether intimidation necessarily includes a use of physical force, meaning force "capable of causing physical pain or injury to another person," Johnson, 559 U.S. at 140, and if so, whether the intimidation must be intentional or knowing.

To intimidate under § 2113(a) means to cause fear of bodily injury. Askari, 140 F.3d at 541; see also United States v. Ellison, 866 F.3d 32, 37 (1st Cir. 2017) (concluding

7

that "proving 'intimidation' under § 2113(a) requires proving that a threat of bodily harm was made"); United States v. McBride, 826 F.3d 293, 296 (6th Cir. 2016) (observing that "[r]obbery by intimidation involves the threat to do immediate bodily harm") (alterations, internal quotation marks, and emphasis omitted). Causing a fear of bodily injury in the context of a bank robbery necessarily requires a threat of physical force. As the Court of Appeals for the Fifth Circuit recently observed, "[t]he kind of intimidation that suffices to put a victim in fear of bodily injury during the course of a bank robbery . . . is the very sort of threat of immediate, destructive, and violent force required to satisfy the crime of violence definition." United States v. Brewer, 848 F.3d 711, 715 (5th Cir. 2017) (internal quotation marks omitted); cf. Chapman, 866 F.3d at 135 (concluding that a threat "to injure" another "necessarily threatens the use of physical force"). Thus, robbery by intimidation under § 2113(a) necessarily includes the use or threatened use of physical force.[8] Brewer, 848 F.3d at 715-16; Ellison, 866 F.3d at 35-38; McBride, 826 F.3d at 296; United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016). Therefore, § 2113(a)'s intimidation element satisfies § 4B1.2(a)(1)'s use or threatened use of force requirement.

---

[8] Lewis's argument that intimidation in the form of a threat to cause bodily injury can occur without the use of physical force, such as through a threat to release poison or a hazardous substance, was rejected in United States v. Castleman, where the Supreme Court stated that poisoning does constitute a "use or attempted use of physical force" even though the force is applied indirectly. 134 S. Ct. 1405, 1415 (2014) (explaining that the use of force "is the act of employing poison knowingly as a device to cause physical harm" and that the fact "the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter"); see also Ellison, 866 F.3d at 37-38 (rejecting same argument raised by Lewis). Although Castleman involved the application of the force clause in 18 U.S.C. § 921(a)(33)(A)(ii), our Court has explicitly extended Castleman's analysis of the use of physical force to the use of physical force clause under § 4B1.2(a)(1). Chapman, 866 F.3d at 132-33; see also Ellison, 866 F.3d at 37-38 (same).

Section 2113(a) also satisfies § 4B1.2(a)(1)'s scienter requirement even though § 2113(a) lacks explicit scienter language. The Supreme Court has held that § 2113(a) "requir[es] proof of general intent—that is, that the defendant possessed knowledge with respect to the actus reus of the crime (here, the taking of property of another by force and violence or intimidation)." Carter v. United States, 530 U.S. 255, 268 (2000) (emphasis omitted). Thus, § 2113(a) has an implicit scienter requirement of intent or knowledge as to the taking of property by intimidation, which forecloses Lewis's argument that a defendant could be convicted under that statute for mere reckless or negligent conduct. See Ellison, 866 F.3d at 38-40 (noting Carter requires proof defendant knowingly took property and knew that his actions were objectively intimidating); McNeal, 818 F.3d at 155-56 (same); McBride, 826 F.3d at 296 (observing Carter requires prosecution to prove that defendant "at least kn[e]w that his actions would create the impression in an ordinary person that resistance would be met by force").

Therefore, because federal bank robbery by intimidation necessarily involves the use or threatened use of physical force and proof of the required mental state, it qualifies as a crime of violence within the meaning of § 4B1.2,[9] see Ellison, 866 F.3d at 35 (holding that 18 U.S.C. § 2113(a) is a crime of violence under the force clause of

---

[9] Even before Johnson's interpretation of "physical force" under the ACCA, courts of appeal held that § 2113(a) bank robbery was a crime of violence under § 4B1.2. See United States v. Wright, 957 F.2d 520, 521 (8th Cir. 1992); United States v. Jones, 932 F.2d 624, 625 (7th Cir. 1991); United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990); United States v. Davis, 915 F.2d 132, 133 (4th Cir. 1990); United States v. Maddalena, 893 F.2d 815, 819 (6th Cir. 1989).

§ 4B1.2); Brewer, 848 F.3d at 716 (same); McBride, 826 F.3d at 295-96 (same), and the District Court did not err in so finding.

B

Lewis also argues that the District Court erred in finding that his prior conviction for aggravated assault under 18 Pa. Cons. Stat. § 2702(a)(4) constitutes a crime of violence. To evaluate his claim, we must determine whether the elements of § 2702(a)(4) necessarily include a use of physical force under § 4B1.2(a)(1)'s force clause and proof of intent or knowledge.[10]

Section 2702(a)(4) punishes a person who "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." 18 Pa. Cons. Stat. § 2702(a)(4). The provision explicitly requires intent or knowledge, thereby satisfying the force clause's required mental state. See Chapman, 866 F.3d at 135-36; Otero, 502 F.3d at 335. Thus, we must determine whether § 2702(a)(4)'s element of "caus[ing] bodily injury with a deadly weapon" requires use of physical force under § 4B1.2(a)(1), meaning a "violent force" that is "capable of causing physical pain or injury to another person," Johnson, 559 U.S. at 140 (emphasis omitted).

To determine whether the crime includes that sort of violent force, we must examine two terms in the statute: bodily injury and deadly weapon. Pennsylvania defines "[b]odily injury" to mean an "impairment of physical condition or substantial pain," and

---

[10] The parties do not dispute that Pennsylvania's aggravated assault statute is divisible, meaning the modified categorical approach applies, and that Lewis was convicted under 18 Pa. Cons. Stat. § 2702(a)(4).

"[d]eadly weapon" to include "any . . . device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury."  18 Pa. Cons. Stat. § 2301.  Aggravated assault under § 2702(a)(4) therefore requires intentional or knowing conduct sufficient to cause bodily "impairment" or "substantial pain" by means of a device that is "calculated or likely to produce death or serious injury."  Because "it is impossible to cause bodily injury without applying force," Castleman, 134 S. Ct. at 1415, conduct causing bodily "impairment" or "substantial pain" necessarily involves a use of a force.  Moreover, the force under § 2702(a)(4) necessarily includes physical force within the meaning of § 4B1.2(a)(1) because § 2702(a)(4) requires use of an object "calculated or likely to produce death or serious injury."  Hence, the offense requires proof of "violent force" "capable of causing physical pain or injury," required by Johnson, 559 U.S. at 140 (emphasis omitted).  United States v. Whindleton, 797 F.3d 105, 114 (1st Cir. 2015) (explaining the dangerous weapon element "imports the violent force required by Johnson into the otherwise overbroad simple assault statute"); see also Johnson, 559 U.S. at 140-41 (suggesting that the ACCA's force element would be satisfied by crimes "characterized by extreme physical force, such as murder, forcible rape, and assault and battery with a dangerous weapon") (internal quotation marks omitted).[11]  As a result, aggravated assault under 18 Pa. Cons. Stat. §

---

[11] Lewis's reliance on Commonwealth v. Thomas, 867 A.2d 594, 597 (Pa. Super. Ct. 2005), which affirmed the aggravated assault conviction of a mother who neglected and starved her child to death is misplaced because that case involves a different provision of Pennsylvania's aggravated assault statute.  Moreover, our Court has rejected the argument that causing bodily injury or death does not necessarily require a use of violent force.  Chapman, 866 F.3d at 135-36.

11

2702(a)(4) qualifies as a crime of violence under § 4B1.2(a)(1), and the District Court was correct in so finding.

IV

For the foregoing reasons, Lewis was properly designated a career offender under § 4B1.1, and we will affirm.