JAMES C. HO, Circuit Judge, dissenting:
The majority rules that robbery-by-injury under Texas law is not a violent felony for purposes of the Armed Career Criminal Act. The ACCA defines "violent felony" to include any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). And the Supreme Court has defined "physical force" under the ACCA as "force capable of causing physical pain or injury ." Curtis Johnson v. United States , 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) (emphasis added). So a crime that requires proof that the defendant used force capable of causing physical pain or injury is a violent felony under the ACCA.
Texas robbery-by-injury criminalizes "intentionally, knowingly, or recklessly caus[ing] bodily injury " in the course of committing theft. Tex. Penal Code § 29.02(a)(1) (emphasis added). "[T]o constitute the crime of robbery[-by-injury], there must be violence ." Devine v. State , 786 S.W.2d 268, 271 (Tex. Crim. App. 1989) (emphasis added). So Texas robbery-by-injury fits squarely within the definition of a violent felony. After all, "it is impossible to cause bodily injury without using force 'capable of' producing that result." United States v. Castleman , 572 U.S. 157, 134 S.Ct. 1405, 1416-17, 188 L.Ed.2d 426 (2014) (Scalia, J., concurring). In other words, Texas robbery-by-injury's element of " 'caus[ing] bodily injury' categorically involves the use of 'force capable of causing physical pain or injury to another person.' " Id . at 1417 (alteration in original, internal citation omitted) (quoting Curtis Johnson , 559 U.S. at 140, 130 S.Ct. 1265 ).[1]
My colleagues disagree, concluding that "Texas robbery-by-injury does not have use of physical force as an element." United States v. Burris , 892 F.3d 801, 812 (5th Cir. 2018). The majority reaches this conclusion by misreading both federal law ( Curtis Johnson 's definition of "physical force") and Texas law (the definition of "bodily injury"). And, in doing so, the majority creates a split with the Eighth Circuit on whether Texas robbery is a violent felony. See United States v. Hall , 877 F.3d 800, 807 (8th Cir. 2017) (ruling that Texas robbery is a violent felony "[b]ecause there must be actual bodily injury or 'actual or perceived threat of imminent bodily injury' "). Even more concerning is that, under the majority's rationale, any statute has as an element "causing bodily injury" would not qualify as a violent felony under the ACCA-or, for that matter, as a "crime of violence" under 18 U.S.C. § 16(a). I respectfully dissent.
I.
In Curtis Johnson , the Supreme Court explained that "physical force" as used in *333 the ACCA "means violent force-that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140, 130 S.Ct. 1265.
Curtis Johnson argued-and the Court agreed-that his Florida conviction for felony battery did not qualify as a "violent felony" under the ACCA. As the Court noted, the Florida Supreme Court had held that "the element of 'actually and intentionally touching' under Florida's battery law is satisfied by any intentional physical contact, 'no matter how slight.' " Id . at 138, 130 S.Ct. 1265. Even the "most nominal contact, such as a tap on the shoulder without consent, establishes a violation" under Florida law. Id. (alterations, citation, and quotation marks omitted).
The Government argued that Florida battery was a "violent felony" under the ACCA based on the common-law meaning of force. At common law, force was "satisfied by even the slightest offensive touching." Id . at 139, 130 S.Ct. 1265. Accordingly, the Government contended, "physical force" under the ACCA was satisfied by even "only the slightest unwanted physical touch." Id. at 137, 130 S.Ct. 1265.
The Court rejected the Government's reliance on the common law. "Although a common-law term of art should be given its established common-law meaning, we do not assume that a statutory word is used as a term of art where that meaning does not fit." Id . at 139, 130 S.Ct. 1265 (internal citation omitted). "Ultimately, context determines meaning, and we 'do not force term-of-art definitions into contexts where they plainly do not fit and produce nonsense.' " Id. at 139-40, 130 S.Ct. 1265 (internal citation omitted). The Court concluded that importing the common-law meaning of force into the ACCA would be inappropriate because the Court was "interpreting the phrase 'physical force' as used in defining not the crime of battery, but rather the statutory category of 'violent felonies.' " Id . at 140, 130 S.Ct. 1265 (alteration omitted). "[T]here is no reason to define 'violent felony' by reference to [common-law battery, which is] a nonviolent misdemeanor." Id. at 142, 130 S.Ct. 1265.
Accordingly, the Court ruled that Curtis Johnson's Florida conviction for felony battery did not qualify as a "violent felony" because "only the slightest unwanted physical touch" did not rise to the level of "force capable of causing physical pain or injury to another person." Id . at 137, 140, 130 S.Ct. 1265. See also United States v. Harris , 844 F.3d 1260, 1265 (10th Cir. 2017) ("It is important to keep in mind why it was necessary for the Court to use the language it did. For it was rejecting the government's argument that physical force means 'force' known in common law battery parlance.").
The majority acknowledges that Curtis Johnson "defined 'physical force' as 'violent force -that is, force capable of causing physical pain or injury to another person.' " 892 F.3d at 809 (quoting 559 U.S. at 140, 130 S.Ct. 1265 ). It concludes, however, that a "slap in the face" or "causing a bruise" is "not 'substantial' enough to be 'violent force.' " 892 F.3d at 810 & n.69.
But that conclusion conflicts with Curtis Johnson itself. Curtis Johnson explained that "physical force" requires "only that degree of force necessary to inflict pain-a slap in the face, for example ." 559 U.S. at 143, 130 S.Ct. 1265 (emphasis added).
The majority claims that it is "not clear" whether "a slap in the face would be 'violent force,' " because it is "unclear whether the Court was positing 'that degree of force necessary to inflict pain' ... as synonymous with 'violent force.' " 892 F.3d at 810 n.69. But Curtis Johnson expressly defines "physical force" in terms of physical *334 pain: "We think it clear that ... the phrase 'physical force' means violent force-that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140, 130 S.Ct. 1265 (second emphasis added). The majority's contention is also inconsistent with no fewer than six of our sister circuits.[2]
Nor does Castleman support the majority's contention. Indeed, the majority acknowledges that Castleman "expressly declined" to "decide the question whether minor injuries, such as a 'cut, abrasion, [or] bruise .... necessitate violent force, under [ Curtis ] Johnson 's definition of that phrase.' " 892 F.3d at 807 (alterations in original). Instead, as the Castleman majority explained, "Justice Scalia's concurrence suggests that these forms of injury"-"a cut, abrasion, bruise, burn or disfigurement; physical pain or temporary illness or impairment of the function of a bodily member, organ, or mental faculty"-"necessitate violent force, under Johnson 's definition of that phrase." 134 S.Ct. at 1414.
In his concurrence, Justice Scalia explained that "[h]itting, slapping, shoving, grabbing, pinching, biting, [and] hair pulling" all entail the use of "physical force" as defined by Curtis Johnson because each act is "capable of causing physical pain or injury." Id . at 1421 (Scalia, J., concurring) (alterations in original) ("None of those actions bears any real resemblance to mere offensive touching.").[3]
In sum, "since it is impossible to cause bodily injury without using force 'capable *335 of' producing that result," a statute that requires " 'caus[ing] bodily injury,' categorically involves the use of 'force capable of causing physical pain or injury to another person.' " Id. at 1416-17 (second alteration in original, emphasis added, internal citation omitted). So a statute that requires "causing bodily injury" necessarily requires using "physical force" and therefore qualifies as a "violent felony."
II.
Texas robbery-by-injury requires the State to prove that the defendant "cause[d] bodily injury to another." Tex. Penal Code § 29.02(a)(1). Bodily injury "means physical pain, illness, or any impairment of physical condition." Tex. Penal Code § 1.07(a)(8). "[E]ven relatively minor physical contacts" are capable of causing bodily injury-"so long as they constitute more than mere offensive touching ." Lane v. State , 763 S.W.2d 785, 786 (Tex. Crim. App. 1989) (emphases added). In other words, Texas robbery-by-injury falls squarely within Curtis Johnson 's definition of a violent felony-it requires using force "capable of causing physical pain or injury." 559 U.S. at 140, 130 S.Ct. 1265. See also Castleman , 134 S.Ct. at 1416-17 (Scalia, J., concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result.").
The majority disagrees, citing concerns regarding both the degree of force required to cause and the degree of injury required to suffer bodily injury under Texas law. 892 F.3d at 809.
As to requisite degree of force, the majority asserts that "causing 'relatively minor physical contacts' (which are still more than 'mere offensive touching') does not entail the 'violent force' described in Curtis Johnson ." 892 F.3d at 809-10. But that is precisely what Curtis Johnson requires: "violent force" is merely "force capable of causing physical pain or injury." 559 U.S. at 140, 143, 130 S.Ct. 1265 (emphasis added) (requiring "only that degree of force necessary to inflict pain-a slap in the face, for example").[4]
As to the degree of injury, the majority first contends that "a minor injury, such as a bruise, ... does not require Curtis Johnson 's violent force." 892 F.3d at 809-10. As explained above, that contention is inconsistent with the precedents of the Supreme Court and our sister circuits. See supra nn.2-3 and accompanying text.
Indeed, as one of the majority's own sources explains: "A bruise 'is a traumatic injury of the soft tissues which results in breakage of the local capillaries and leakage of red blood cells.' A person who causes a bruise causes physical impairment by causing the local capillaries to break, allowing red blood cells to leak into the surrounding tissue." Gay v. State , 235 S.W.3d 829, 834 (Tex. App.-Fort Worth 2007, pet. ref'd) (Dauphinot, J., dissenting). Put another way, bruising "corroborates the fact that [the victim] was indeed injured to some extent." Lane , 763 S.W.2d at 787. See also 892 F.3d at 809 ("In both cases, the [bruising] victims suffered some 'physical pain.' ").
The majority further asserts that causing bodily injury does not necessarily require physical force because it "appears that pain is not a requirement" of bodily injury. 892 F.3d at 809 ("Any 'impairment *336 of physical condition' is bodily injury."). But even if that were true, it is beside the point. Curtis Johnson defines physical force in the disjunctive, as "force capable of causing physical pain or injury ." 559 U.S. at 140, 130 S.Ct. 1265 (emphasis added).
Finally, the majority crafts a "robbery-by-tripping" hypothetical to argue that causing bodily injury does not require using physical force. See 892 F.3d at 811-12 ("By tripping the victim and causing him to fall, the robber 'impaired' the victim's 'physical condition,' satisfying the Texas definition of 'bodily injury,' but falling outside the boundaries of 'violent force' in Curtis Johnson ."). In other words, based on nothing more than its novel interpretation of "impairment of physical condition," the majority contends that a defendant could cause bodily injury without causing injury or pain. From that premise, the majority concludes that robbery-by-injury is not a violent felony. But neither the majority's premise, nor its conclusion, withstands scrutiny.
Even if it were hypothetically possible to cause bodily injury without also causing pain or injury, that would be wholly beside the point. Curtis Johnson defines "physical force" as "force capable of causing physical pain or injury"-it does not require that pain or injury actually result. 559 U.S. at 140, 130 S.Ct. 1265 (emphasis added).
In addition, the majority does not cite a single case to support its contention that a defendant could impair someone's physical condition without causing either pain or injury.[5]
Nor could it: Texas courts have explained that "impairment" occurs when "a part of a person's ... body is damaged or does not work well, esp. when the condition amounts to a disability." Marshall v. State , 479 S.W.3d 840, 844 (Tex. Crim. App. 2016). See also Garcia v. State , 367 S.W.3d 683, 688 (Tex. Crim. App. 2012) ("Texas courts have interpreted 'impairment' to include the diminished function of a bodily organ.").
It is hard to understand how a defendant could cause "damage" to the victim's body (or internal organs) without also causing physical pain or injury. Instead, the majority's robbery-by-tripping hypothetical-like "tapping a victim on the shoulder and causing him to fall down and suffer great bodily harm"-"is a clever hypothetical," but it is also precisely "type of argument the Supreme Court has instructed us to avoid crediting." United States v. Ceron , 775 F.3d 222, 229 (5th Cir. 2014). As we have made clear, the "categorical approach requires 'more than the application of legal imagination to a state statute's language.' " Id . (quoting Gonzales v. Duenas-Alvarez , 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007) ). See also United States v. Brewer , 848 F.3d 711, 714 (5th Cir. 2017) (" '[T]heoretical applications of a statute to conduct that would not constitute a [violent felony] do not demonstrate that the statutory offense is categorically not a [violent felony].' ") (quoting Duenas-Alvarez , 549 U.S. at 197-98, 127 S.Ct. 815 ).
Indeed, the only case cited by the majority is an indictment (not a judicial decision) that charges a defendant with knowingly causing epileptic seizures. 892 F.3d at 812 & n.80 (citing State v. Rivello indictment). Surely the majority does not contend *337 that epileptic seizures do not cause pain or injury.
Even holding all those problems to the side, the majority's contention that "tripping the victim" who is "giv[ing] chase" "and causing him to fall" does not involve "force capable of causing physical pain or injury" is simply unpersuasive. 892 F.3d at 812. If a slap in the face is capable of causing physical pain or injury, then so too is tripping someone and causing them to fall. See United States v. Bowles , --- Fed.Appx. ----, ----, 2018 WL 2230626, at *3 (4th Cir. May 16, 2018) ; United States v. Verwiebe , 874 F.3d 258, 261 (6th Cir. 2017) (Sutton, J.) (suggesting that "tripping somebody into oncoming traffic" requires the use of physical force). See also Zuliani v. State , 52 S.W.3d 825, 831 (Tex. App.-Austin 2001) ("The threshold for 'bodily injury'-physical pain-is low; no rational jury could believe the evidence that Dwinell slapped him, hit him, or pushed him down without also finding that she caused him at least physical pain."), rev'd on other grounds , 97 S.W.3d 589 (Tex. Crim. App. 2003).
* * *
Texas robbery-by-injury requires proof that the defendant "cause[d] bodily injury to another." Tex. Penal Code § 29.02(a)(1). Because "it is impossible to cause bodily injury without using force 'capable of' producing that result," Texas robbery-by-injury qualifies as a violent felony-it "categorically involves the use of 'force capable of causing physical pain or injury to another person.' " Castleman , 134 S.Ct. at 1416-17 (Scalia, J., concurring) (emphasis added).
As the Eighth Circuit recently put it: a "Texas robbery conviction constitutes a 'violent felony' under the force clause of the ACCA" because "Texas second-degree robbery requires at least as much violent force as required by Johnson ." Hall , 877 F.3d at 808. "Because there must be actual bodily injury or 'actual or perceived threat of imminent bodily injury,' Texas second-degree robbery 'has as an element the use, attempted use, or threatened use of [violent] physical force,' which 'is force capable of causing physical pain or injury to another person.' " Id . at 807 (alteration in original, internal citation omitted).
In ruling otherwise, the majority creates a circuit split, misinterprets both Curtis Johnson and Castleman , and relies on what can only be described as "legal imagination" in defining bodily injury under Texas law to require neither pain nor injury. I respectfully dissent.

The same analysis applies to Texas robbery-by-threat. Just as causing bodily injury requires the use of physical force, threatening or placing someone in fear of imminent bodily injury similarly requires the attempted or threatened use of physical force. See Tex. Penal Code § 29.02(a)(2). See also United States v. Brewer , 848 F.3d 711, 715 (5th Cir. 2017) ("[W]hile an express threat to use force may not be required for a conviction of robbery by intimidation, an implicit threat to use force is required. ... It is hard to imagine any successful robbery accomplished by threatening some far-removed reprisal that does not involve physical force.").

See United States v. Bowles , --- Fed.Appx. ----, ----, 2018 WL 2230626, at *3 (4th Cir. May 16, 2018) ("If a slap in the face qualifies as force capable of causing physical pain, then so must a push or a shove meant to rip property from a person who is resisting a theft.") (internal citation omitted); United States v. Pyles , 888 F.3d 1320, 1322 (8th Cir. 2018) ("[T]he force required is 'only that degree of force necessary to inflict pain-a slap in the face, for example.' "); United States v. Swopes , 886 F.3d 668, 671 (8th Cir. 2018) ("A blind-side bump, brief struggle, and yank-like the 'slap in the face' posited by Johnson -involves a use of force that is capable of inflicting pain.") (internal citation omitted); United States v. Vail-Bailon , 868 F.3d 1293, 1299 (11th Cir. 2017) (en banc) ("Nevertheless, physical force 'might consist ... of only that degree of force necessary to inflict pain-a slap in the face, for example.' ") (alteration in original); United States v. Calvillo-Palacios , 860 F.3d 1285, 1292 (9th Cir. 2017) ("Since under Johnson , a simple slap can qualify as violent, physical force, there is no question that a simple assault which is aggravated by means of serious bodily injury ... is a crime of violence.") (internal citation omitted); United States v. Jennings , 860 F.3d 450, 457 (7th Cir. 2017) ("Any number of physical acts may cause physical pain: Curtis Johnson itself suggested that a slap in the face might suffice."); United States v. Taylor , 848 F.3d 476, 494 (1st Cir. 2017) ("If 'a slap in the face' counts as violent force under Johnson because it is 'capable' of causing pain or injury, a 'forcible' act that injures does, too, because the defendant 'necessarily must have committed an act of force in causing the injury.' ") (internal citation omitted).

See Harris , 844 F.3d at 1264-66 ; Jennings , 860 F.3d at 457 ("Justice Scalia's concurrence in United States v. Castleman thus makes the point that physical actions such as hitting, slapping, shoving, grabbing, pinching, biting, and hair-pulling all qualify as violent force under Curtis Johnson .... Because he was the author of the majority opinion in Curtis Johnson , courts have treated his concurrence on this point as more authoritative than it otherwise might be.") (internal citation omitted) (citing Harris , 844 F.3d at 1265, United States v. Hill , 832 F.3d 135, 142 (2d Cir. 2016), and United States v. Rice , 813 F.3d 704, 706 (8th Cir. 2016) ). See also United States v. Garcia , 877 F.3d 944, 949-50 (10th Cir. 2017) ("Justice Scalia, Johnson I 's author, provided additional examples of actions which exceed 'mere offensive touching' and, similar to a slap in the face, are 'capable of causing physical pain or injury.' " He cited " 'hitting, slapping, shoving, grabbing, pinching, biting, and hair pulling.' ") (internal citation omitted).

See also Jennings , 860 F.3d 450 at 457 ("[I]n suggesting that the force employed must be of such a degree as to cause (or threaten) more serious injuries in order to qualify as violent force, Jennings is setting the bar higher than Curtis Johnson itself does. Curtis Johnson held that force sufficient to cause physical pain or harm qualifies as violent force.").

The cases the majority cites when it introduces its robbery-by-tripping hypothetical merely confirm that Texas robbery-by-injury can be committed by "injuring someone during flight from the scene of a theft." 892 F.3d at 812 n.79 (citing White v. State , 671 S.W.2d 40, 42 (Tex. Crim. App. 1984), Lightner v. State , 535 S.W.2d 176, 177-78 (Tex. Crim. App. 1976), and Tex. Penal Code § 29.01 ).