# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60668

United States Court of Appeals
Fifth Circuit

**FILED**
January 16, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

MARIO DEVANT CHEERS,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:16-CV-125

Before WIENER, SOUTHWICK, and COSTA, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:*

    Mario Devant Cheers moved to vacate his sentence and conviction for brandishing a firearm under 18 U.S.C. § 924(c) after the Supreme Court invalidated the "residual clause" in § 924(e) as unconstitutionally vague. The district court denied the motion. We AFFIRM.

    In 2003, Cheers pled guilty to two counts of aiding and abetting armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and also of 18 U.S.C. § 2

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dealing with aiding and abetting the commission of an offense. He also pled guilty to one count of using, carrying, and brandishing a firearm during, in relation to, and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The district court sentenced him to 403 months in prison, five years of supervised release, and restitution of $5,607.90.

In 2016, Cheers moved to vacate his sentence and conviction for brandishing after the Supreme Court ruled that the residual clause definition of "violent felony" set forth in Section 924(e) is unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). We decline to consider the government's argument raised for the first time on appeal that Cheers's motion was untimely. *Wood v. Milyard*, 566 U.S. 463, 474 (2012).

### I.    *Brandishing Conviction*

Cheers argues his brandishing conviction under Section 924(c) must be vacated because that statute's residual clause is also unconstitutionally vague. We recently accepted the argument in another case that Section 924(c)(3)(B) is unconstitutionally vague. *See United States v. Davis*, 903 F.3d 483, 485-86 (5th Cir. 2018), *cert. granted*, No. 18-431, 2019 WL 98544 (Jan. 4, 2019).[1]

Vagueness of the residual clause, though, does not require that Cheers's Section 924(c) conviction be vacated. In *Davis*, we were presented the same question about a Section 924(c) conviction premised on Hobbs Act robbery. *Id.* at 486. We "decline[d] to extend *Dimaya's* holding that far" because it "only addressed, and invalidated, a residual clause mirroring the residual clause in [Section] 924(c)[(3)(B)]; it did not address the elements clause" in

---

[1] The government's petition for certiorari presented only a question of whether Section 924(c)(3)(B) is unconstitutionally vague. *See* Pet. for Cert., *Davis*, 2018 WL 4896751, at *I. The Court's grant of the petition does not make our decision here less certain since reversal would mean the statute is *not* unconstitutionally vague.

Section 924(c)(3)(A).  *Id.* at 485.  "Whatever arguments [might have been] made opposing Hobbs Act robbery's inclusion under the elements clause as a crime of violence, *Dimaya* has not affected them, and therefore, they [were] foreclosed to us" by a prior panel opinion that held Hobbs Act robbery satisfied the elements clause.  *Id.*

This means that Cheers's brandishing conviction survives so long as his underlying Section 2113(a) conviction for armed bank robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  § 924(c)(3)(A).  It does, since we already have held Section 2113(a) satisfies an identical elements clause contained in the Sentencing Guidelines.  *United States v. Brewer*, 848 F.3d 711, 714-16 (5th Cir. 2017).  Armed bank robbery therefore constitutes a crime of violence under Section 924(c)(3)(A) for the same reasons.

## II.    *Career Offender Enhancement*

Cheers also seeks to vacate his sentence on the ground that he was sentenced as a career offender under provisions of the Sentencing Guidelines that are unconstitutionally vague after *Johnson*.  Cheers was held to be a career offender under U.S.S.G. §§ 4B1.1-2 (2002) based on his five prior Tennessee convictions for aggravated robbery.

Section 4B1.2(a) of the 2002 Guidelines contained a residual clause identical to the one invalidated by *Johnson*.  Cheers was sentenced under the pre-*Booker* mandatory Guidelines, so his challenge is not strictly foreclosed by the determination that advisory Guideline sentences are not subject to challenges for vagueness.  *Beckles v. United States*, 137 S. Ct. 886, 895 (2017).

It is not necessary for us to resolve whether mandatory Guideline sentences are subject to *Johnson* vagueness challenges after *Beckles* unless Section 4B1.2(a) was vague as applied to Cheers.  *Id.* at 897-98 (Ginsburg, J.,

concurring).   When Cheers was sentenced, "the official commentary to the career-offender Sentencing Guideline expressly designated his offense of conviction," which was robbery, as a crime of violence.  *Id.*; § 4B1.2 comment, n.1 (2002).  The "generic, contemporary definition of robbery encompassed by the [G]uidelines corresponds to the definition found in a majority of states' criminal codes . . . . [and] may be thought of as aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving [immediate] danger to the person."  *United States v. Montiel-Cortes*, 849 F.3d 221, 226 (5th Cir. 2017) (last alteration in original) (citations omitted).

We agree with the district court that the Tennessee convictions for aggravated robbery were within the scope of the generic robbery crime enumerated in the 2002 commentary to the Guidelines.  Under Tennessee law, robbery was "taking from the person of another property of any value by violence or putting the person in fear," TENN. CODE. ANN. § 39-13-401(a) (1989), while aggravated robbery is "robbery . . . (1) [a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or (2) [w]here the victim suffers serious bodily injury," TENN. CODE. ANN. § 39-13-402(a) (1989).

Since Cheers's career sentencing enhancement was based on his Tennessee convictions for aggravated robbery, the Guidelines cannot have been vague as applied to him.  *Beckles*, 137 S. Ct. at 897-98.

AFFIRMED.